1

2

3

4

5

6                UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8

9   JOHN BLAKE DONNELLY,          )    1:08-cv-0992 OWW GSA
                                  )
10              Plaintiff,        )    SCHEDULING CONFERENCE ORDER
                                  )
11       v.                       )    Discovery Cut-Off: 10/2/09
                                  )
12   PFIZER, INC.; SCOTT JOHNSON; and )  Non-Dispositive Motion
     DOES 1 through 20,           )    Filing Deadline: 11/16/09
13                                )
                Defendants.       )    Dispositive Motion Filing
14                                )    Deadline: 12/15/09
     _____ )
15                                     Settlement Conference Date:
                                       11/10/09 10:00 Ctrm. 10
16
                                       Pre-Trial Conference Date:
17                                     3/1/10 11:00 Ctrm. 3

18                                     Trial Date: 4/13/10 9:00
                                       Ctrm. 3 (JT-7 days)
19

20

21   I.   Date of Scheduling Conference.

22        October 30, 2008.

23   II.  Appearances Of Counsel.

24        Stammer, McKnight, Barnum & Bailey LLP by Bruce J. Berger,

25   Esq., and Abigail R. Leaf, Esq., appeared on behalf of Plaintiff.

26        Jackson Lewis LLP by Mitchell F. Boomer, Esq., appeared on

27   behalf of Defendants.

28   ///

                                1

1   III.   Summary of Pleadings.

2       1.   Plaintiff alleges that he was constructively
3   involuntarily terminated from his employment as a Biomedical
4   Representative for Defendant, Pfizer, Inc., on April 10, 2006.
5   Specifically, it is alleged that Plaintiff's supervisor,
6   Defendant Scott Johnson, intentionally created and facilitated a
7   hostile and intolerable work environment for the purpose of
8   causing Plaintiff to become so emotionally distressed with his
9   job, that Plaintiff would have no choice but to resign.
10  Plaintiff seeks compensatory damages and punitive damages.

11      2.   Defendant denies each and every material allegation
12  asserted by Plaintiff in his Complaint.   Plaintiff's working
13  environment was not intolerable.   Indeed, his manager, Defendant
14  Scott Johnson, treated him fairly and sought to help him improve
15  his performance.   Plaintiff's breach of contract and breach of
16  implied covenant claims are barred by the at-will doctrine set
17  forth in California Labor Code Section 2922.   Plaintiff signed a
18  job application with Beecham (one of Defendant Pfizer's
19  predecessors in interest) as far back as January of 1988 which
20  contained an express at-will acknowledgment.   Plaintiff cannot
21  identify a single document since that time that would alter his
22  at-will employment relationship.   Moreover, Pfizer has
23  consistently maintained a policy of at-will employment and
24  communicated that policy to Plaintiff during his employment.

25      3.   Plaintiff's intentional and negligent infliction of
26  emotional distress claims are preempted by the California
27  Workers' Compensation Act's exclusive remedy doctrine (California
28  Labor Code Section 3602).   For all these reasons, Defendants

2

1  anticipate that Plaintiff's claims will be dismissed on summary
2  judgment.

3  IV.   Orders Re Amendments To Pleadings.

4      1.   The parties do not propose to amend the pleadings at
5  this time.   However, depending on facts learned during discovery,
6  Plaintiff may seek leave to amend to state a claim for age
7  discrimination.   Any amendment shall be filed by stipulation
8  and/or motion within ninety (90) days, on or before January 30,
9  2009.

10  V.   Factual Summary.

11      A.   Admitted Facts Which Are Deemed Proven Without Further
12  Proceedings.

13          1.   Plaintiff is an individual citizen of the United
14  States and was employed by Pfizer, Inc., at times alleged in the
15  complaint.

16          2.   Plaintiff resigned his employment on April 10,
17  2006.

18          3.   Pfizer, Inc., is a Delaware corporation.

19          4.   Scott Johnson is an individual resident of the
20  State of Texas.

21          5.   There was no written contract of employment.

22      B.   Contested Facts.

23          1.   All remaining facts are contested.

24  VI.   Legal Issues.

25      A.   Uncontested.

26          1.   Jurisdiction exists under 28 U.S.C. § 1332.

27          2.   Venue is proper under 28 U.S.C. § 1391.

28          3.   The parties agree that the substantive law of the

1  State of California provides the rule of decision in this
2  diversity action.

3       B.    Contested.

4            1.    Whether Plaintiff's claims are barred by the at-
5  will doctrine.

6            2.    Whether Plaintiff was illegally subjected to a
7  hostile work environment that resulted in a constructive
8  termination of his employment with Pfizer, Inc.

9            3.    Whether Plaintiff's tort claims are preempted by
10 the exclusive remedy provision of the State Workers' Compensation
11 Act.

12           4.    All remaining legal issues are disputed.
13 VII. Consent to Magistrate Judge Jurisdiction.

14      1.    The parties have not consented to transfer the
15 case to the Magistrate Judge for all purposes, including trial.
16 VIII.      Corporate Identification Statement.

17      1.    Any nongovernmental corporate party to any action in
18 this court shall file a statement identifying all its parent
19 corporations and listing any entity that owns 10% or more of the
20 party's equity securities.  A party shall file the statement with
21 its initial pleading filed in this court and shall supplement the
22 statement within a reasonable time of any change in the
23 information.

24 IX.  Discovery Plan and Cut-Off Date.

25      1.    The parties' initial disclosures shall be made on or
26 before December 1, 2008.

27      2.    The parties are ordered to complete all non-expert
28 discovery on or before July 31, 2009.

                                4

3.    The parties are directed to disclose all expert witnesses, in writing, on or before August 31, 2009.  Any rebuttal or supplemental expert disclosures will be made on or before September 30, 2009.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4.    The parties are ordered to complete all discovery, including experts, on or before October 2, 2009.

5.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before November 16, 2009, and heard on December 18, 2009, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply

1 | with Local Rule 251.

2 |     3.   All Dispositive Pre-Trial Motions are to be
3 | filed no later than December 15, 2008, and will be heard on
4 | January 25, 2010, at 10:00 a.m. before the Honorable Oliver W.
5 | Wanger, United States District Judge, in Courtroom 3, 7th Floor.
6 | In scheduling such motions, counsel shall comply with Local Rule
7 | 230.

8 | XI.  Pre-Trial Conference Date.

9 |     1.   March 1, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor,
10 | before the Honorable Oliver W. Wanger, United States District
11 | Judge.

12 |     2.   The parties are ordered to file a Joint Pre-
13 | Trial Statement pursuant to Local Rule 281(a)(2).

14 |     3.   Counsel's attention is directed to Rules 281
15 | and 282 of the Local Rules of Practice for the Eastern District
16 | of California, as to the obligations of counsel in preparing for
17 | the pre-trial conference.  The Court will insist upon strict
18 | compliance with those rules.

19 | XII. Motions - Hard Copy.

20 |     1.   The parties shall submit one (1) courtesy paper copy to
21 | the Court of any motions filed that exceed ten pages and any
22 | motions that have exhibits attached.  Exhibits shall be marked
23 | with <u>protruding numbered or lettered tabs</u> so that the Court can
24 | easily identify such exhibits.

25 | XIII.  Trial Date.

26 |     1.   April 13, 2010, at the hour of 9:00 a.m. in Courtroom
27 | 3, 7th Floor, before the Honorable Oliver W. Wanger, United
28 | States District Judge.

1      **2.    This is a jury trial.**

2      **3.    Counsels' Estimate Of Trial Time:**

3      **a.    7 days.**

4      **4.    Counsels' attention is directed to Local Rules**

5  **of Practice for the Eastern District of California, Rule 285.**

6  **XIV. Settlement Conference.**

7      **1.    A Settlement Conference is scheduled for November 10,**

8  **2009, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.**

9  **Austin, United States Magistrate Judge.**

10     **2.    Unless otherwise permitted in advance by the**

11  **Court, the attorneys who will try the case shall appear at the**

12  **Settlement Conference with the parties and the person or persons**

13  **having full authority to negotiate and settle the case on any**

14  **terms at the conference.**

15     **3.    Permission for a party [not attorney] to attend**

16  **by telephone may be granted upon request, by letter, with a copy**

17  **to the other parties, if the party [not attorney] lives and works**

18  **outside the Eastern District of California, and attendance in**

19  **person would constitute a hardship.  If telephone attendance is**

20  **allowed, the party must be immediately available throughout the**

21  **conference until excused regardless of time zone differences.**

22  **Any other special arrangements desired in cases where settlement**

23  **authority rests with a governing body, shall also be proposed in**

24  **advance by letter copied to all other parties.**

25     **4.    Confidential Settlement Conference Statement.**

26  **At least five (5) days prior to the Settlement Conference the**

27  **parties shall submit, directly to the Magistrate Judge's**

28  **chambers, a confidential settlement conference statement.  The**

statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.    The Confidential Settlement Conference Statement shall include the following:

a.    A brief statement of the facts of the case.

b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c.    A summary of the proceedings to date.

d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

e.    The relief sought.

f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

1.    None.

XVI. Related Matters Pending.

1.    There are no related matters.

8

XVII.      Compliance With Federal Procedure.

        1.    The Court requires compliance with the Federal
Rules of Civil Procedure and the Local Rules of Practice for the
Eastern District of California.  To aid the court in the
efficient administration of this case, all counsel are directed
to familiarize themselves with the Federal Rules of Civil
Procedure and the Local Rules of Practice of the Eastern District
of California, and keep abreast of any amendments thereto.

XVIII.     Effect Of This Order.

        1.    The foregoing order represents the best
estimate of the court and counsel as to the agenda most suitable
to bring this case to resolution.  The trial date reserved is
specifically reserved for this case.  If the parties determine at
any time that the schedule outlined in this order cannot be met,
counsel are ordered to notify the court immediately of that fact
so that adjustments may be made, either by stipulation or by
subsequent scheduling conference.

        2.    Stipulations extending the deadlines contained
herein will not be considered unless they are accompanied by
affidavits or declarations, and where appropriate attached
exhibits, which establish good cause for granting the relief
requested.

        3.    Failure to comply with this order may result in
the imposition of sanctions.


IT IS SO ORDERED.

Dated:   October 30, 2008                      /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE